# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

RICKEY EVANS (DOC #108026)

_____

_____

_____

Enter above the full name of the plaintiff or plaintiffs in
this action.

### VERSUS

PERRY STAGG; JIMMY SMITH;
JAMES TILLMAN; PATRICK WOODS;
P. LACHNEY, INDIVIDUAL
CAPACITIES.

Enter above the full name of the defendant or defendants
in this action.

### COMPLAINT

I.   **PREVIOUS LAWSUITS:**

   a.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

   Yes ( ✓ )         No ( )

   b.   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1.   Parties to this previous lawsuit

   Plaintiffs:   Rickey Evans, DOC # 108026

   Defendants:   Burl Cain, Warden of Louisiana State Penitentiary.

2. Court (if federal court, name the district; if state court name the parish):

_19th Judicial Dist. Court, East Baton Rouge Parish_

3. Docket number: _C56,506, Section 27._

4. Name of Judge to whom case was assigned: _John M. Smart, Commissioner,_
_Donald Johnson, District Judge._

5. Disposition (for example, was the case dismissed? Was it appealed? Is it still pending?):
_Dismissed. Filed notice of appeal. Later filed voluntary dismissals of notice_
_of appeal with District court and Court of Appeal prior to filing briefs._

6. Approximate date of filing lawsuit: _June 25, 2008_

7. Approximate date of disposition: _9/25/08 (by Judge), 5/06/09 (voluntary dismissal by plain-_
_tiff)._

II. PLACE OF PRESENT CONFINEMENT: _Louisiana State Penitentiary, Angola, LA 70712_

a. Is there a prisoner grievance procedure in this institution?

Yes (✓)       No ( )

b. Did you present the facts relating to your complaint in the prisoner grievance procedure?

Yes (✓)       No ( )

c. If your answer is YES:

1. What steps did you take? _Timely filed Disciplinary Board Appeals to Warden on_
_May 10, 2008 and May 14, 2008._

2. What was the result? _The Disciplinary Appeals was accepted consolidated_
_under DBA # LSP-2008-0307-W, and denied on the merits._

d. If your answer is NO, explain why not? _____

2

III.  PARTIES:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

a.  Name of plaintiff: Rickey Evans, Doc#108026

Address: Louisiana State Penitentiary, Angola, LA 70712

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.)

b.  Defendant Perry Stagg _____ is employed as Assistant Warden _____ at The Louisiana State Penitentiary, Angola LA 70712

c.  Additional Defendants: Jimmy Smith, Assistant Warden; James Tillman, Corrections Admin. Major; Patrick Woods, Corr. Security Captain; P. Lachney, Corr. Security Sergeant. All are employed at the Louisiana State Penitentiary, Angola, LA 70712.

IV.  STATEMENT OF CLAIM:

State here as briefly as possible the FACTS of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates and places.  DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES.  If you intend to allege a number of related claims, number and set forth each claim in a seperate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

1) The defendants herein are sued in their individual capacities, and individually where their direct and indirect and intentional actions and/or inactions violated plaintiff's rights, and where their actions and/or inactions each individually and in accord with one or more of the defendants resulted in the deprivations of plaintiff's Constitutional Rights.

The defendants herein are sued whereby the plaintiff.

3

IV.  STATEMENT OF CLAIM (Continued).

suffered through a direct, intentional and knowing act by the responsible defendants which was not prevented, stopped or intervened in or corrected by any of the named defendants, where, by virtue of their professional training, responsibilities and knowledge, was aware they were violating the plaintiff's rights and should have prevented and/or stopped same or took meaningful steps to do so or promptly report same. The defendants knew or should have known they were violating the plaintiff's United States Constitutional and Louisiana Constitutional Rights.

Each and every herein named defendant is sued for their acts and failure to act, either directly or indirectly, where any such direct and indirect act is relevant to this action.

2)        JURISDICTION AND VENUE

This pro se civil rights action is brought pursuant to 42 U.S.C. Section 1983 et. seq's and 28 U.S.C. Section 1343, to redress the deprivation of United States Constitutional Rights. The plaintiff seeks relief and compensation as a incarcerated person who has suffered the intentional violations of well established and protected Constitutional Right.

· IV. STATEMENT OF CLAIM (Continued).

This Honorable Court's Pendent/Supplemental Juris-diction authority is invoked over all State law claims of Negligence, Gross Negligence, intentional torts and those under the Louisiana Constitution of 1974.

This Honorable Court is the proper Court of Venue for this civil action, which violations occurred entirely within its jurisdiction, 28 U.S.C. Section 98(b) (1987 ed.).

The plaintiff also seeks Declaratory judgment and Injunctive relief and request a trial by jury.

## FACTS

3) The claims in this complaint arose from the April 23, 2008 alleged incident in which the named defendants unlawfully retaliated against the plaintiff, then falsely accused him of violating prison rules, for the good faith exercise of plaintiff's First Amendment Rights to the U.S. Constitution.

4) On Tuesday, April 08, 2008, after receiving the March 26, 2008 acceptance notice for ARP#LSP-2007-2481 on the night of Friday, April 04, 2008, while housed in cell number 12 on Cuda 3-Right-tier of Camp J, the plaintiff was approached by defendant Perry Stagg and a ranking security officer on the A-Team day shift.

IV. STATEMENT OF CLAIM (continued)

5) At this defendant Stagg asked plaintiff did he filed an ARP on July 22, 2007 about being in a camera cell.

6) When the plaintiff answered in the affirmative, defendant Stagg asked him would he drop the ARP, and proceeded to offer the plaintiff insignificant material incentives in exchange for doing so.

7) The plaintiff firmly declined defendant Stagg's offer, and instead continued to exercise his rights.

8) Defendant Stagg then stated to plaintiff that it would be in plaintiff's best interest if he dropped ARP#LSP-2007-2481.

9) When the plaintiff loudly said no to defendant Stagg, the A-Team ranking officer (who before had stepped into another inmate's cell area to speak with that inmate) stepped back into plaintiff's booth to investigate where both he and defendant Stagg stared disapprovingly at the plaintiff, then both walked out of the booth and up the tier.

10) In ARP#LSP-2007-2481 (in which the plaintiff is challenging the federally violative practices by Camp J prison officials and officers of housing a mix of both T-Code, mental health and suicide inmate patients, and non-T-Code, non-mental health and non-suicide inmates on the same tiers and units, and placing non-T-Code, non-mental health, and non-suicide

4b.

███████ inmates in the camera cells without policy-justi-fication, with resulting consequences to such inmates, while the in-cell camera monitors are in full operation, and in such cells with ACA-Standard deemed inadequate in-cell lighting systems) the plaintiff specifically requested on page number (9), paragraph 6 of his initial July 22, 2007 ARP grievance letter, "That I suffer[no] retaliatory actions by DOC/LSP employees as a result of this ARP complaint." (Emphasis supplied).

11) Each day since, during the day shifts 1/ when one or more ranking security officers and officials (Captains and above) made their rounds on Cuda 3-Right-tier, the plaintiff was repeatedly harassed about withdrawing ARP#LSP-2007-2481 -- all the way up until April 23, 2008, when the de-fendants retaliated against the plaintiff.

─────────────────

1/ With the exception of Captain John Wells of the D-Team and Master Sergeant Watkins of the C-Team (both night shifts) who both asked the plaintiff to drop ARP#LSP-2007-2481, with the latter stating that it would look good on his part if the Warden see's his name on the ARP With-drawal form. It is still not known which Warden Master Sergeant Watkins meant.

4c.

IV. STATEMENT OF CLAIM (Continued)

12) On or'about April 10, 2008, defendants Stagg and Smith stopped at the plaintiff's assigned cell on Cuda 3-Right-cell #12, and again tried to get him to withdraw ARP#LSP-2007-2481.

13) When the plaintiff again refused, both defendants Stagg and Smith first look at each other, then each began to exit the booth enclosure.

14) However, as defendant Stagg turned up the tier to leave, defendant Smith stopped at the doorway, turned towards Plaintiff and gave him a menacing stare, slowly shook his head in an up and down motion, then pointed his finger at Plaintiff before walking off as though defendant Smith was warning the plaintiff that if he did not withdraw his ARP something bad will happen to him.

15) On or about April 14, 2008, as both the other defendants and non-defendants proceeded up the tier past the cell and Plaintiff, defendant Smith stopped at cell number (12) where the plaintiff was still housed on Cuda 3-Right, and once more tried to get the plaintiff to withdraw ARP#LSP-2007-2481, this time through overt intimidation.

16) When the plaintiff once more flatly refused to withdraw this ARP, defendant Smith then threatened plaintiff by stating

4d.

IV. STATEMENT OF CLAIM (Continued)

to him, ""We're" going to send your a.. to Level One T-Code (tier) in a camera cell...see how you like that."

17) On Wednesday, April 23, 2008, defendants Stagg, Smith, Tillman, Woods and Lachney retaliated against the plaintiff under the transparent quice of a cell shakedown and false accusations of rule violations for filing and maintaining ARP#LSP-2007-2481.

18) Defendants Stagg, Smith, Tillman and Woods together entered the plaintiff's cell on Cuda 3-Right-#12 of Camp J, whereupon they together intentionally trashed his cell by deliberately taking each brown manila envelope of legal work, documents and papers, and indiscriminately dumping them about the cell into a large, disorganized mess, and intentionally, illegally and unconstitutionally distroyed, disposed of and confiscated plaintiff's personal items and legal work and documents by maliciously throwing some into the trash can, tearing up some and both flushing and attempting to flush $\underline{2/}$ some down the toilet, then taking non-legal work/documents items from plaintiff's cell with them when they left, never returning them.

_____

2/ Torn pieces of legal work and documents were found by Plaintiff lying on the floor around, under and inside the toilet, and on the floor outside of plaintiff's cell but inside the booth enclosure of the cell.

4e.

IV.  STATEMENT  OF  CLAIM  (Continued)

19) When defendants Stagg, Smith, Tillman and Woods entered the lobby of Cuda 3, the plaintiff and other inmates heard defendant Smith direct defendant Lachney, who neither shook down plaintiff nor his, nor was he in the plaintiff's cell during the relevant date and time, to write the disciplinary report against plaintiff, and heard defendant Tillman state to defendant Lachney which disciplinary rule number to put on the report.

20) The plaintiff was thereafter written up on two (2) separate disciplinary reports by defendant Lachney, falsely accusing the plaintiff of violating prison Rule #1 (Contraband), and Rule #30W (General Prohibited Behavior), for allegedly having in his cell empty drinking containers and another inmate's legal work, respectively.

21) At no time did the plaintiff have in his cell on or about April 23, 2008, any of the alleged items listed and described in the April 23, 2008 disciplinary reports.

22) The plaintiff was brought before the Camp J Management Program Disciplinary Board Committee (Board) on April 29, 2008 (on the Rule #1 (Contraband) report) and on May 02, 2008 (on the amended Rule #30m (General Prohibited Behavior) report).

4f.

IV. STATEMENT OF CLAIM (Continued)

23) At both of the final Board hearings of the matter on April 29, 2008 and May 02, 2008 -- on which defendants Smith and Tillman were the Chairmen, respectively --, the plaintiff pled not guilty to both reports, presented oral motions and defenses and was thereafter sentenced to imposed sentences on each.

24) At the April 29, 2008 and May 02, 2008 Board hearings there were neither present nor presented any independent evidence with which to even attempt to support and/or substantiate the false accusations contained in defendant Lachney's reports.

25) Sometime after the May 02, 2008 hearing, the motive behind defendants Stagg, Smith, Woods, Tillman, and Lachney's retaliatory actions were manifested in words by defendant Stagg.

26) When the plaintiff expressed disbelief to defendant Stagg at again being falsely accused and written up and sentenced to Level One for exercising his constitutional rights, defendant Stagg replied, "Well, next time somebody comes to you and ask you to drop an ARP, then that's what you should do...and stop the bulls··t and leave Camp J."

4g.

IV. STATEMENT OF CLAIM (Continued)

27) When the plaintiff next stated to defendant Stagg that he do not file ARPs to turn around and drop them; defendant Stagg, in response, stated, "Then you will be right where you're at... on Level One!"

28) The plaintiff timely appealed the Boards' actions to the Warden on May 10, 2008 and May 14, 2008. In his collective appeals, the plaintiff raised the issues and claims of retaliation, and false accusations; failure to produce and present independent evidence at the hearing to support and substantiate the false reports; hearing officers' direct involvement in the alleged incident/impartial hearing officers; and the inapplicability of the "some evidence" standard of review to both the reporting and hearing officers.

29) The plaintiff's administrative appeals was accepted and consolidated, without plaintiff's objection, by prison officials under Disciplinary Board Appeal (DBA) Number LSP-2008-0307-W, and later denied in its entirety on the merits.

30) The plaintiff have properly exhausted his administrative appeal in DBA# LSP-2008-0307-W.

4h.

IV. STATEMENT OF CLAIM (Continued)

31) The plaintiff timely filed a state Petition For Judicial Review in the district court, Parish of East Baton Rouge, under docket number C568,506, Section 27.

32) The sole issues raised by the plaintiff in his state court petition, and the only issues that were properly before that court, were:

> "1) Whether the alleged items listed and describel in the report clearly reflects and constitutes a violation of Rule No. 1-A (Unauthorized Items) rather than Rule No. 1 (Contraband), and should have been amended as such?;
>
> (and)
>
> 2) Whether the Board's Chairman erred when he ~~denie~~ denied petitioner's motion to amend Rule No. 1 (Contraband) to a Rule No. 1-A (Unauthorized Items)?"

33) The plaintiff's state court petition was dismissed by Commissioner John M. Smart on August 13, 2008, and there-after by Judg Donald Johnson on September 25, 2008.

34) On October 21, 2008, the plaintiff filed a timely notice of appeal, dated October 17, 2008, with the district court, and, for

4i.

## IV. STATEMENT OF CLAIM (Continued)

reasons stated in the latter, and, too, before the filing of any briefs, thereafter filed a motion for voluntary dismissal, dated May 04, 2009, with the district court on May 06, 2008.

35) However, when it became apparent to plaintiff that his motion was not promptly acted upon (and may never be) by the district court, due to continued "record activity", the plaintiff thereafter, on May 22, 2009, filed a second motion for voluntary dismissal, this time with the state appellate court.

36) This suit follows.

## CAUSE OF ACTION

37) The intentional, willful, deliberate, evil, malicious and knowingly retaliatory actions and inactions of defendants Perry Stagg, Jimmy Smith, James Tillman, Patrick Woods and P. Lachney, done under color of state law, deprived the plaintiff of his well established and protected rights to the redress of grievances, access to the courts, and to due process of the law; exhibiting a deliberate indifference to, and in direct violation of the plaintiff's First and Fourteenth Amendments Rights to the United States Constitution.

38) The knowing, deliberate, willful and intentional violative actions and inactions of the named defendants deprived the

IV. STATEMENT OF CLAIM (Continued)

plaintiff of his well established and protected rights to access to the courts, redress of grievances, and to due process of the law, exhibiting a deliberate indifference to, and in direct violation of the plaintiff's rights under the Louisiana Constitution of (1974), and state Statutory law violations of Negligence, Gross Negligence and intentional torts.

39) Defendants Stagg, Smith, Tillman, Woods and Lachney, through their intentional, willful, deliberate, knowing, evil and malicious and retaliatory actions and inactions showed a reckless disregard for the Constitutional Rights of the plaintiff.

## V. RELIEF

40) The plaintiff respectfully request and pray that this Honorable Court Grant to him the following relief:

a. One hundred thousand dollars ($100.000 00) compensatory damages, and two hundred and fifty thousand dollars ($250.000 00) punitive damages against defendant Perry Stagg;

b. One hundred and fifty thousand dollars ($150.000 00) compensatory damages, and three hundred thousand dollars ($300.000 00) punitive damages against defendant Jimmy Smith;

4k.

c. One hundred and fifty thousand dollars ($150.000⁰⁰) compensatory damages; and three hundred thousand dollars ($300.000⁰⁰) punitive damages against defendant James Tillman;

d. One hundred thousand dollars ($100.000⁰⁰) compensatory damages, and two hundred thousand dollars ($200.000⁰⁰) punitive damages against defendant Patrick Woods;

e. One hundred thousand dollars ($100.000⁰⁰) compensatory damages, and two hundred and fifty thousand dollars ($250.000⁰⁰) punitive damages against defendant P. Lachney;

f. Order that the April 23, 2008 disciplinary reports be expunged from plaintiff's prison file(s) and record(s);

g. Asses any and all court costs and fees to the defendants;

4 L.

V.    RELIEF:

State briefly exactly what you want the court to do for you.  MAKE NO LEGAL ARGUMENTS.  CITE NO CASES OR STATUTES.

h. Order such further Unspecified relief deemed good, proper, necessary and sufficient by this Honorable Court.

Signed  this  _____ 28 th _____  day  of  _____ May _____ , ~~19~~ 2009 _____ ,

at approximate 3:00 p.m.         _Rickey Evans_____

_____

(Signature of Plaintiff or Plaintiffs)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed On:    _May 28, 2009, @ approximately 3:00 p.m._

_Rickey Evans_____

Signature of Movant

_____

Signature of Attorney (if any)

Please see page number 6.,
Affidavit.

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RICKEY EVANS

CIVIL ACTION

VERSUS

PERRY STAGG, ET AL

## A F F I D A V I T

VERIFICATION
STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE/
WEST FELICIANA

I, Rickey Evans, DOC#108026, being first duly sworn, under
oath, says: he is the plaintiff in this §1983 Civil Rights action
and knows the contents of the foregoing complaint; that it
is true of his knowledge except as to those matters that are
stated in it on his information and belief, and as to those matters
he believes them to be true. That this complaint, Pauperis
form and Statement of Account form has this day been
handed over to prison officials, properly addressed, for mailing
to this Honorable Court, Houston v. Lack, 108 S.Ct. 2379 (1988).

Rickey Evans

Rickey Evans, DOC#108026

SUBSCRIBED AND SWORN TO ME THIS 1st day of June,
2009.

D. Cev____ (Notary Public or other person authorized to administer an oath)

Ex-Officio Notary.
Dept. of Public Safety & Corrections/LSP

68.

# LOUISIANA STATE PENITENTIARY
## ANGOLA, LOUISIANA

## DECISION REGARDING APPEAL OF DISCIPLINARY ACTION

### APPEAL NUMBER: LSP-2008-0307-W

*Received By Me On The Night Of Monday, June 02, 2008. Delivering Officer Sgt. Newman, G-Team Night Shift. Rickey Evans*

| | |
|---|---|
| INMATE'S NAME: | RICKY EVANS            108026 |
| HOUSING ASSIGNMENT: | J GTR 3/R |
| | |
| DATE OF REPORT: | 04/23/2008 |
| DATE OF HEARING: | 05/02/2008 |
| ORIGINAL CHARGE: | RULE #3O W, GENERAL PROHIBITED BEHAVIOR; RULE #1, CONTRABAND (2 REPORTS) |
| PLEA: | NOT GUILTY |
| CHARGE FOUND GUILTY OF: | RULE #3O W, GENERAL PROHIBITED BEHAVIOR; RULE #1, CONTRABAND (2 REPORTS) |
| SENTENCE: | 12 WEEKS LOSS OF YARD; 12 WEEKS LOSS OF CANTEEN; QUARTERS CHANGE TO LEVEL I; 6 WEEKS LOSS OF TELEPHONE |
| IMPOSED OR SUSPENDED: | IMPOSED |
| | |
| DATE OF APPEAL DECISION: | |
| DECISION: | DENIED |

Appellant was issued two disciplinary report on 04/23/2008 for a violation of Rule #30 W, General Prohibited Behavior and Rule #1, Contraband. Appellant was provided a hearing by the Disciplinary Board on 04/29/08 regarding violation of Rule #1, Contraband, which resulted in a sentence of quarters change to Level I and 6 weeks loss of telephone. Appellant was provided a hearing by the Disciplinary Board on 05/02/08 for violation of Rule #30 W, General Prohibited Behavior, which resulted in a sentence of 12 weeks loss of yard and 12 weeks loss of canteen.

Appellant argues on appeal that he was denied a due process hearing, that the board erred in denying his motion for the chairman to be recused, that the report for violation of Rule #1 should have been amended to Rule #1a, the sentence is excessive and the disciplinary reports are retaliation for filing an ARP.

Appellants presented no evidence to substantiate his claim that the reports were issued as a retaliatory action. In accordance with the DISCIPLINARY RULES AND PROCEDURES FOR ADULT INMATES, performance of a routine administrative duty does not constitute "direct involvement" or "bias". Contraband is defined, in part, as: "no inmate shall have any item not permitted by department regulation or institutional posted policy". The Disciplinary Board found the report to be clear and precise and the reporting employees' account of the incident appropriately supported the charge and provided sufficient evidence to warrant the guilty verdict. The Disciplinary Board's decision is deemed appropriate as to the finding of guilt and the sentence imposed.

The issues raised by Appellant in this matter have been reviewed and found to be without merit. Appellant was provided a due process hearing by the Disciplinary Board. The decision of the Disciplinary Board is deemed appropriate. Appellant has presented nothing which would justify reversal or modification of the decision rendered through the disciplinary proceedings.

The appeal is denied.

Burl Cain
Warden

BC:dld

**INSTRUCTIONS TO INMATE:** This decision constitutes the final administrative decision of the agency. The Secretary will only consider appeals from decisions which resulted in the imposed or suspended sentences of one or more of the following penalties: 1) Isolation; 2) Forfeiture of good time; 3) Custody change from minimum to medium custody only if it involves a transfer to another institution; 4) Custody change from minimum or medium to maximum custody; and 5) Restitution. Since none of these penalties were imposed, you may not appeal this decision to the Secretary. If you are dissatisfied with this decision, you may request judicial review in the 19th Judicial District Court within 30 days of receipt of the decision.



Mickey Evans, DOC#108026
Camp J
Louisiana State Penitentiary
Angola, LA 90712

Hon. Nick Lorio
Clerk of Court
United States District Court
Middle District of Louisiana
777 Florida Street, Suite 139
Baton Rouge, LA 70801-1712

