## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

RICKEY EVANS (#108026)                                    CIVIL ACTION

VERSUS

PERRY STAGG, ET AL.                                       NO. 09-0337-JJB-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 28, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RICKEY EVANS (#108026)**                              **CIVIL ACTION**

**VERSUS**

**PERRY STAGG, ET AL.**                                  **NO. 09-0337-JJB-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Order directing the plaintiff to pay the full amount of the Court's filing fee.  Rec.doc.no. 33.[1]

On May 10, 2010, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), this Court vacated its prior grant of in forma pauperis status to the plaintiff, denied the plaintiff's motion to proceed in forma pauperis, and ordered the plaintiff to pay, within thirty (30) days, the full amount of the Court's filing fee.  Rec.doc.no. 33.  The plaintiff was placed on notice that failure to comply

---

[1] The Court notes that on April 27, 2010, the plaintiff filed a Notice of Appeal in this case from the Ruling of the District Judge, rec.doc.no. 30, which accepted the Recommendation of the Magistrate Judge and granted, in part, the defendants' Motion to Dismiss.  In Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), the Supreme Court held that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the trial court of its control over those aspects of the case involved in the appeal."  Nevertheless, the Court finds that the Court's Ruling on the Motion to Dismiss is an interlocutory Ruling and does not dispose of all of the issues or parties in this case and, so, is not a final, appealable order.  Further, the plaintiff has not moved for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Therefore, the plaintiff's Notice of Appeal is premature, and it does not deprive this Court of jurisdiction.  See United States v. Hitchmon, 602 F.2d 689 (5th Cir. 1979), superceded by statute on other grounds, United States v. Martinez, 763 F.2d 1297 (11th Cir. 1985).  See also United States v. Trevino, 299 Fed.Appx. 384 (5th Cir. 2008) ("[T]he filing of the notice of appeal from the denial of the motion to dismiss did not divest the district court of jurisdiction."); Solomon v. Obama, 2010 WL 2008829 (N.D. Tex. May 18, 2010)("The court has the jurisdiction to enter this order and judgment because, although plaintiff purports to appeal from a final judgment, no final judgment has been entered until now."); Bonner v. Quarterman, 2007 WL 4002330 (S.D. Tex. Nov. 14, 2007)("[A] notice of appeal from a nonappealable order does not divest a district court of jurisdiction over a matter before it").

with the Court's Order in this regard "shall result in the dismissal of the plaintiff's action without further notice from the Court." Id.

In accordance with 28 U.S.C. § 1915, all prisoners granted in forma pauperis status are required to pay the full amount of the Court's filing fee.  This statute further provides that, with one exception, not here applicable, an inmate may make the required payment over time in incremental installments.  However, such incremental payments are not allowed, and pauper status shall be denied, where the inmate has filed, on at least three prior occasions while incarcerated, actions or appeals which have been dismissed as baseless.  Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts which have been dismissed as frivolous or for failure to state a claim.[2]  Accordingly, pursuant to Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), this Court entered an Order directing the plaintiff to pay the full amount of the Court's filing fee.  A review of the record now reflects that the plaintiff has failed to comply with the Court's Order in this regard.  Accordingly, this action is subject to dismissal for failure of the plaintiff to pay the Court's filing fee as ordered.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that this action be dismissed, without

---

[2] Cases filed by the plaintiff which have been dismissed by the federal courts as frivolous include, but are not limited to Rickey Evans v. Michael R. Brown, et al., Civil Action No. 96-0060-FJP (M.D. La.), Rickey Evans v. Willie Washington, et al., Civil Action No. 98-0610-FJP (M.D. La.), Rickey Evans v. Bryan Ready, et al., Civil Action No. 99-1032 (M.D. La.), and Rickey Evans v. Travis Williams, et al., Civil Action No. 09-0043-FJP (M.D. La.)(appeal dismissed as frivolous).

prejudice, for failure of the plaintiff to pay the Court's filing fee.

Signed in Baton Rouge, Louisiana, on June 28, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**